IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,          :
          Plaintiff           :
     v.                       : Civil Action No. 04-315J
ROBERT MRKICH, M.D.,          :
          Defendant           :

### Report and Recommendation

Orders and Recommendation

Plaintiff filed a pro se complaint under 42 U.S.C.§ 1983 and the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., against defendant, a physician. Pending are defendant's motion to dismiss, docket no. 3, plaintiff's motions for default judgment, docket no. 5, docket no. 9, and plaintiff's motion to proceed in forma pauperis, docket no. 13. Plaintiff's motion for leave to proceed in forma pauperis, docket no. 13, is granted, but the specific request for Marshal's service of his complaint is denied as moot because service of the complaint has been accepted and a response filed. The motions for default judgment, docket no. 5, docket no. 9, are denied because they are meritless: defendant had already filed a timely responsive pleading before either motion for default was filed. Finally, defendant's motion to dismiss, docket no. 3, should be denied in part and granted in part.

Report

Plaintiff alleges that he is disabled and uses a service dog. When plaintiff attempted to take his dog into defendant's office on December 20, 2003, plaintiff alleges he was told he would not be examined if he did not take his dog out and leave him in his automobile. Plaintiff alleges that this policy violates Title III of the ADA, 42 U.S.L.C.§ 12182(a)(1), and (2)(i)(ii) and (iii), which

provides:

a) General rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

\*\*\*

(2) Specific prohibitions
(A) Discrimination
For purposes of subsection (a) of this section, discrimination includes--
(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

The defendant moves to dismiss the claim under Section 1983 on the grounds that the remedial provisions of Title III of the ADA do not permit a supplemental remedy under Section 1983. Plaintiff does not oppose defendant's argument, and the Supreme Court has made it clear that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under Section 1983. See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981).

Since the ADA, see 42 U.S.C. § 12188(a)(1), limits the remedies available to private individuals to those set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a), namely permanent or temporary injunctions and restraining orders, it would contravene the statute's plain intent to permit a Section 1983 claim. If plaintiff intended to bring such a claim, it should be dismissed.

The balance of the motion to dismiss must be denied. Defendant asserts that the plaintiff fails to set forth a sufficient claim because: 1) plaintiff was treated on December 20, 2003, not denied services, and 2) plaintiff fails to allege how his service dog is necessary to aid him. Defendant also asserts this suit is moot since defendant discharged plaintiff as a patient after the events described in the suit but before the complaint was filed.

The federal standard of notice pleading as set forth in Fed.R.Civ.P. 8, requires only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The specifics of plaintiff's disability, how his service dog helps him, and whether that help is a use contemplated by the regulations implementing the ADA, are all fact questions which cannot be decided at the motion to dismiss stage. Defendant's argument that plaintiff fails to state a claim because plaintiff was treated after he left his dog outside requires the court to assume, contrary to the allegations of the complaint, that the dog was not a service animal or that plaintiff is not disabled, and so can be rejected on its face. Finally, defendant's argument that this suit is moot because of the defendant's alleged discharge

of the plaintiff as a patient must be rejected for two reasons. First, the discharge itself is a matter of fact to be introduced by a motion for summary judgment. Second, the motivations for the alleged discharge can implicate claims under the ADA. See Mayberry v. Von Valtier, 843 F.Supp. 1160, 1168 (E.D.Mich.1994). It is doubly inappropriate to hold at the motion to dismiss stage that the alleged ending of a treatment relationship moots a public accommodation claim.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 14 July 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

Maureen McQuillan, Esquire
206 Main Street
Johnstown, PA 15901